# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Samuel T. Whatley, II, *et al.*, | C/A: 2:22-cv-3528-RMG |
| Plaintiffs, | |
| v. | **ORDER AND OPINION** |
| Bethany Phillips, *et al.*, | |
| Defendants. | |

Before the Court is the Report and Recommendation ("R&R") (Dkt. No. 20) of the Magistrate Judge recommending that the Court dismiss Plaintiffs' complaint. For the reasons set forth below, the Court adopts the R&R as the order of the Court and dismisses Plaintiffs' complaint.

## I. Background and Relevant Facts

Plaintiffs bring this action alleging violation of the Fair Labor Standards Act ("FLSA"). Plaintiffs allege that they were wrongfully terminated for reporting safety violations during "an active construction zone" in violation of the FLSA. (Dkt. No. 20 at 4).

Plaintiffs did not file objections to the R&R.

## II. Legal Standards

This Court liberally construes complaints filed by *pro se* litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir. 1990).

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where the plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). Because Plaintiffs did not file objections to the R&R, the R&R is reviewed for clear error.

### III. Discussion

After a careful review of the record and the R&R, the Court finds that the Magistrate Judge ably addressed the issues and correctly determined that Plaintiffs' complaint fails to state a claim upon which relief may be granted. (Dkt. No. 20 at 6) (noting that the "Amended Complaint's basis for relief . . . is Plaintiff's purported 'termination' from the Company" but that the "FLSA is best understood as the 'minimum wage/maximum hour law'"); (*Id.*) (noting the "only mention of Plaintiffs' wages and/or hours . . . is that 'the compensation notification system notified that the hours were being modified'" and explaining this refers to two automated "Alert Notifications" issued to Plaintiffs for failing to "clock in"); (*Id.* at 9-10) (explaining why the amended complaint further fails to state a claim to the extent Plaintiffs intend to allege a violation of OSHA or the First Amendment).

### IV. Conclusion

-3-

For the forgoing reasons, the Court **ADOPTS** the R&R (Dkt. No. 20) as the Order of the Court and **DISMISSES** the instant action.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Judge

May 24, 2024
Charleston, South Carolina