IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Samuel T. Whatley, II, *et al.*, <br><br> Plaintiffs, <br> v. <br><br> Bethany Phillips, *et al.*, <br><br> Defendants. | C/A: 2:22-cv-3528-RMG <br><br><br> **ORDER AND OPINION** |

Before the Court is the Report and Recommendation ("R&R") (Dkt. No. 20) of the Magistrate Judge recommending that the Court dismiss Plaintiffs' complaint. For the reasons set forth below, the Court adopts the R&R as the order of the Court and dismisses Plaintiffs' complaint.

I. **Background and Relevant Facts**

Plaintiffs bring this action alleging violation of the Fair Labor Standards Act ("FLSA"). Plaintiffs allege that they were wrongfully terminated for reporting safety violations during "an active construction zone" in violation of the FLSA. (Dkt. No. 20 at 4).

Plaintiffs filed objections to the R&R. (Dkt. No. 22).

II. **Legal Standards**

This Court liberally construes complaints filed by *pro se* litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir. 1990).

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where the plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). Because Plaintiffs filed objections to the R&R, the R&R is reviewed de novo.

### III.   Discussion

After a careful review of the record, the R&R, and Plaintiffs' objections, the Court finds that the Magistrate Judge ably addressed the issues and correctly determined that Plaintiffs' complaint fails to state a claim upon which relief may be granted. (Dkt. No. 20 at 6) (noting that the "Amended Complaint's basis for relief . . . is Plaintiff's purported 'termination' from the Company" but that the "FLSA is best understood as the 'minimum wage/maximum hour law'"); (*Id.*) (noting the "only mention of Plaintiffs' wages and/or hours . . . is that 'the compensation notification system notified that the hours were being modified'" and explaining this refers to two automated "Alert Notifications" issued to Plaintiffs for failing to "clock in"); (*Id.* at 9-10) (explaining why the amended complaint further fails to state a claim to the extent Plaintiffs intend to allege a violation of OSHA or the First Amendment).

-3-

After careful consideration of Plaintiffs' objections, the Court overrules them. At bottom, Plaintiffs' objections do not challenge the legal grounds for dismissal stated above but instead repeat Plaintiffs' allegations. (Dkt. No 22 at 3) (stating the "injury" is the "wrongful termination without written notice as cited by the labor safety departments against the defendant(s)." Plaintiffs do not dispute, however, the finding in the R&R that the FLSA is a minimum wage/minimum hour law or otherwise contest the R&R's analysis as to Plaintiffs' claims under OSHA and the First Amendment).

**IV.   Conclusion**

For the forgoing reasons, the Court **ADOPTS** the R&R (Dkt. No. 20) as the Order of the Court and **DISMISSES** the instant action.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
United States District Judge

May 29, 2024
Charleston, South Carolina